# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| STAMPS & STAMPS, ATTORNEYS AT LAW, individually and on behalf of all others similarly situated, <br> 3814 Little York Road <br> Dayton, OH 45414 <br><br> Plaintiff, <br><br> v. <br><br> ELITE ROOFING, INC. <br> ℅ Michael J. Doopes, Registered Agent <br> 432 Walnut Street #1100 <br> Cincinnati, OH 45202 <br><br> Defendant. | Case No.: 20-cv-156 <br><br> Judge <br><br> Magistrate Judge <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF 47 U.S.C. § 227, et seq.** <br><br> *TRIAL BY JURY DEMANDED* |

## INTRODUCTION

1. Plaintiff STAMPS & STAMPS, ATTORNEYS AT LAW ("Plaintiff"), individually and on behalf of all others similarly situated, on personal knowledge as to facts pertaining to itself and on information and belief as to all other allegations, brings this Class Action Complaint against ELITE ROOFING, INC.("Defendant"), for sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. The TCPA expressly prohibits unsolicited facsimile ("fax") advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized

faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

3. Defendant had no prior business relationship with Plaintiff and the other Class members yet sent unsolicited fax messages advertising its services in violation of numerous provisions of the TCPA's junk fax prohibitions.

4. Plaintiff and the other Class members were injured as a result of Defendant's violations of the TCPA.

5. Plaintiff brings this case as a class action for the violation of the TCPA.

## PARTIES

6. Plaintiff is a partnership organized under the laws of Ohio. Plaintiff is made up of two partners, Dana Stamps and Eric Stamps, who are both residents and citizens of Ohio.

7. Defendant is a domestic for-profit corporation organized under the laws of the State of Ohio. Defendant's primary place of business is located at 6457 Glenway Avenue, Cincinnati, OH 45211, with a second location in Huber Heights, Ohio.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the laws of the United States, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

9. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. The Court has personal jurisdiction over Defendant because Defendant is incorporated in and is at home in the state in which the Court sits.

11. Venue is proper in the Southern District of Ohio because a substantial part of the events and the omissions giving rise to Plaintiff's lawsuit occurred in the Southern District of Ohio. Defendant transacts business in the District and is located in the District.

## FACTUAL ALLEGATIONS

12. On June 5, 2019, Plaintiff's fax machine received a fax transmission from the number purporting to be 800-510-0783 advertising Defendant's services. A copy of the fax is attached hereto as Exhibit A.

13. The fax contained and constituted an advertisement for Defendant's products and services.

14. The fax contained a URL to Defendant's website, and a telephone number and an email address registered to Defendant.

15. Plaintiff had no relationship with Defendant prior to receiving the unsolicited fax advertisement, and had not authorized, requested, or consented to allow Defendant to send fax advertisements.

16. Plaintiff's telephone and fax number were not registered or subscribed to receive any form of advertising from any solicitor or soliciting services at the time Plaintiff received Defendant's fax solicitation.

17. On information and belief, Defendant sent the same and similar fax advertisements to numerous fax machines in Ohio and other states.

18. At all relevant times, there was no reasonable means for Plaintiff or other Class members to avoid receiving Defendant's unlawful faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## CLASS ALLEGATIONS

19. Plaintiff brings this action pursuant to Fed. R. Civ. P. Rule 23 on behalf of similarly situated individuals and entities (the "Class") defined as follows:

> All persons who, since April 23, 2016, were sent facsimile messages by or on behalf of Defendant promoting Defendant's goods or services.
>
> Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

20. Fed. R. Civ. P. Rule 23(a) provides that four prerequisites must be satisfied for a class to be certified: (1) that the proposed Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the Class; (3) that the claims of the representative party are typical of the claims of the Class; and (4) that the representative party will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a). Additionally, to be entitled to class certification, one of the subsections of Fed. R. Civ. P. Rule 23(b) must be satisfied.

21. **Numerosity**: The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Class is comprised of more than 40 members. The exact number of Class members is presently unknown and can only be ascertained through discovery. Class members can be easily identified through Defendant's records or by other means.

22. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class, including, but not limited to:

    a. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements to Plaintiff and Class members;

    b. Whether Defendant's transmission of the unsolicited fax messages violated the TCPA;

    c. Whether Plaintiff and Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

23. **Typicality**: Plaintiff's claims are typical of the claims of the proposed Class. All claims are based on the same legal and factual issues. Plaintiff and each of the Class members received an unsolicited fax advertisement from Defendant during the time period relevant to this action.

24. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in handling class actions and claims involving unlawful business practices. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

25. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

26. Further, under Fed. R. Civ. P. Rule 23(a), Defendant has acted on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227)

27. Plaintiff repeats and re-alleges paragraphs 1–26, with the same force and effect as though fully set forth herein.

28. Pursuant to 47 U.S.C. § 227(b)(1)(C), it is unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement.

29. Defendant is, and at all relevant times was, within the United States.

30. Defendant used a telephone facsimile machine, computer, or other device to send, to Plaintiff's and the other Class members' telephone facsimile machines, an unsolicited advertisement regarding Defendant's services.

31. Defendant's unsolicited telephone facsimile consisted of a one-page transmission and stated, among other things: "Elite Roofing Your Flat and Metal Roof Experts Commercial & Industrial," "10% off with this Flyer," "We Also Offer Exterior Painting! See Our Website – Immediate Service," and listed a number of Defendant's services and offerings and Defendant's contact information.

32. The unsolicited fax advertisement sent to Plaintiff and Class members failed to include a fax number that would allow recipients to send a request to not receive any further fax advertisements in violation of 47 C.F.R. § 64.1200(a)(4)(iii)(D)(1).

33. The unsolicited fax advertisement sent to Plaintiff and Class members failed to provide clear and conspicuous disclosure that the recipient may request the sender not send future

advertisements to the telephone facsimile machine and that the sender's failure to do so within 30 days is unlawful in violation of 47 C.F.R. § 64.1200(a)(4)(iii)(A)–(B).

34. The TCPA provides for a private right of action, as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —
>
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

35. Plaintiff and Class members did not give prior consent for Defendant to send them unsolicited fax advertisements, and Plaintiff and Class members did not have an established business relationship with Defendant.

36. Plaintiff and Class members received unsolicited fax messages from Defendant in violation of the TCPA.

37. The fax messages that Plaintiff and Class members received were advertisements for goods or services offered by Defendant.

38. The fax messages that Plaintiff and Class members received failed to include the required notice and contact information.

39. As a direct and proximate result of the Defendant's violations of the TCPA, Plaintiff and each Class member suffered damages when they received the unsolicited faxes, in the

form of paper and ink or toner used to print the unsolicited fax. Furthermore, Plaintiff's and Class members' right to privacy was invaded.

40. Plaintiff and Class members are entitled to statutory damages for each violation of the TCPA committed by Defendant, or actual damages.

41. In committing the violations of the TCPA set forth herein, Defendant acted willfully and knowingly as to each violation, such that Plaintiff and the Class members are entitled to an award of damages equal to not more than 3 times their actual damages or $1,500 per violation, whichever is greater.

42. Defendant should be enjoined from sending further advertising faxes to Plaintiff and any person with whom Defendant does not have an established relationship or who has not requested Defendant's advertising to be sent via fax.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class, prays for an Order as follows:

    a. Finding that this action satisfies the prerequisites for maintenance as a class action, and certifying the Class defined herein;

    b. Designating Plaintiff as the representative of the Class and its undersigned counsel as Class Counsel;

    c. Entering judgment in favor of Plaintiff and the Class and against Defendant;

    d. Awarding Plaintiff and the Class damages equal to the amount of actual damages that they sustained or in the amount of statutory damages for each violation of the TCPA committed by Defendant;

    e. Awarding Plaintiff and the Class treble damages for each violation of the TCPA Defendant committed knowingly or willfully;

    f. Enjoining Defendant from any further transmission of unsolicited fax advertisements; and

g. Granting all such further and other relief as the Court deems just and appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.

        STAMPS & STAMPS, ATTORNEYS AT LAW, individually, and on behalf of all others similarly situated,

By: /s/ Marc Dann
    Marc E. Dann (0039425)
    Brian D. Flick (0081605)
    DANNLAW
    P.O. Box. 6031040
    Cleveland, Ohio 44103
    Office: (216) 373-0539
    Facsimile: (216) 373-0536
    notices@dannlaw.com

    Thomas A. Zimmerman, Jr.
    (pro hac vice anticipated)
    *tom@attorneyzim.com*
    Jeffrey D. Blake
    (pro hac vice anticipated)
    *jeff@attorneyzim.com*
    ZIMMERMAN LAW OFFICES, P.C.
    77 West Washington Street, Suite 1220
    Chicago, Illinois 60602
    (312) 440-0020 telephone
    (312) 440-4180 facsimile
    www.attorneyzim.com

Counsel for Plaintiff and the putative Class